**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

JUSTIN LEE THOMAS,

Petitioner,

v. CASE NO. 5:15cv114-RH/CJK

JOHN A. BARFIELD,

Respondent.

_________________________________/

**ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY**

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 40, and the objections, ECF No. 41. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion.

The objections assert that the report and recommendation does not address the petitioner's claim that his attorney rendered ineffective assistance by failing to file a motion to compel the state to provide discovery. The record indicates, and the petitioner does not deny, that the state provided at least some discovery. The

petitioner has not identified anything the state failed to provide. Moreover, as correctly set out in the report and recommendation, the petitioner confessed to law enforcement and ultimately pleaded guilty in exchange for a more favorable sentence than might have been entered had he been convicted at trial. The petitioner has not alleged that moving to compel discovery would have affected either his decision to plead guilty or the agreed sentence.

The petitioner's assertion seems to be, instead, that the attorney should have moved to compel discovery sooner so that the attorney would have been prepared for trial sooner and thus could have filed a demand for speedy trial. But again as correctly set out in the report and recommendation, the record does not support the assertion that a demand for a speedy trial would have made any difference. To prevail on an ineffective-assistance claim, a petitioner must show both deficient performance and prejudice. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner has shown neither.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on August 24, 2017.

s/Robert L. Hinkle
United States District Judge